# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**SYNNIC JUDON, JR.**                                                               **PLAINTIFF**

**NO. 1:18CV00083-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held April 17, 2019, the court finds the ALJ's decision is not supported by substantial evidence in the record. Specifically, the ALJ essentially rejected opinions of two examining medical sources in favor of the opinions of a non-examining state agency physician. On April 7, 2015, state agency psychologist Bryman Williams, Ph.D., opined that the "MER suggest clmt has impairment in ability to sustain A&C but appears capable of functioning in work environment; good adls noted; MH issues are secondary to seizures." However, on February 5, 2015, Brian Thomas, Psy.D., had opined that "[w]hile he would likely be able to perform routine and repetitive tasks, consistency is likely poor . . . [and] [a]bility to sustain attention appears poor." Moreover, two

years later, on March 21, 2017, J. Morris Alexander, Ph.D., opined that "[the claimant] would likely be unreliable in performing routine repetitive tasks." Dr. Alexander further indicated that the claimant's ability to maintain attention and concentration, deal with work stresses, and function independently was poor.

The ALJ attributed only "some" weight to Dr. Thomas's opinions because, according to the ALJ, Dr. Thomas failed to explain or analyze "why consistency (as opposed to capability) is likely to be poor." Likewise, the ALJ attributed only "some" weight to Dr. Alexander's opinions, indicating only that Dr. Alexander did not opine "that the claimant could not perform the [routine and repetitive] tasks, but merely predicting he would not do so." Ultimately, the ALJ concluded "[w]hile . . . Dr. Williams . . . did not specifically address whether claimant was capable of performing simple, routine, and repetitive work, he did opine claimant was not disabled from a psychological perspective and 'appears capable of functioning in a work environment.'"

While the court agrees with the ALJ's assessment that no medical source opined the claimant could <u>not</u> perform simple, routine, repetitive tasks, the ALJ failed to give good cause for rejecting examining medical opinions that indicate the claimant may not be able to <u>consistently</u> and <u>reliably</u> perform this work. Indeed, the ALJ failed to fully and fairly develop the record regarding the issue of "consistency" before crafting the claimant's residual functional capacity ("RFC"). Furthermore, the ALJ gave no reason whatsoever for rejecting Dr. Alexander's opinion regarding reliability, and there was no medical opinion controverting this opinion. Consequently, the ALJ's rejection of the examining medical opinions in this case indicates the ALJ failed to consider whether the claimant could perform "sustained" mental work activity on a

"regular and continuing" basis. *See* SSR 96-8p ("Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."). Ultimately, the ALJ's reliance upon the state agency physician's conclusion that the claimant's mental limitations do not render him incapable of "functioning in a work environment" did not constitute substantial evidence on which to base a decision, particularly in view of the fact that the state agency physician did not have the benefit of the later medical report of Dr. Alexander.

On remand, the ALJ must reconsider the evidence related to the claimant's mental impairments. The ALJ must recontact Dr. Thomas and Dr. Alexander for clarification or further explanation of the medical opinions rejected in this case. Further, to the extent he has not already done so, the ALJ must obtain from these physicians a detailed assessment regarding the claimant's ability, function-by-function, to perform mental work activities. Finally, if necessary, the ALJ must obtain supplemental vocational expert evidence. Ultimately, the ALJ will render a new decision that is based upon substantial evidence in the record and that includes credible and detailed explanations for discounting or rejecting any medical opinion. The ALJ may conduct any additional proceedings not inconsistent with this ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED AND REMANDED for further proceedings.**

This, the 24th day of April, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE