**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**SYNNIC JUDON, JR.**                                                                                           **PLAINTIFF**

**NO. 1:18CV00083-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                                **DEFENDANT**

<u>**ORDER ON PETITION FOR ATTORNEY FEES**</u>

      Before the Court are Plaintiff's motion [28] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and supporting memorandum [29]; Defendant's response [31]; and Plaintiff's reply [32]. For the reasons set out below, the motion will be granted in part.

      In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Final Judgment [27] dated April 24, 2019, this Court reversed and remanded this case to the Commissioner for further proceedings. Now, Plaintiff seeks $7,765.76 for his counsel's work before this Court, agreeing in his reply brief that it is a proper and reasonable fee. *See* Pl. Reply at 1. Because the Court agrees the amount agreed upon by the parties is reasonable, the only issue left to resolve is whether the Court should direct that the fee award be paid to Plaintiff or directly to his counsel.

      Citing *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010) and *Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir. 2013), the Commissioner makes the general assertion that "an attorney fee award under the EAJA is payable to the litigant and not Plaintiff's Counsel." Def. Resp. at 5. Plaintiff replies to this statement by pointing out that *Ratliff* made "clear that fees in excess of any amounts owing the Federal Government can properly be assigned to counsel and when so assigned should be made payable to counsel." Pl. Reply at 1.

      *Ratliff* held that attorney fee awards were subject to offset to satisfy the claimant's pre-existing debt to the Government. *See generally Ratliff, supra*. Because the undersigned does not read *Ratliff* as creating a prohibition against an award of fees being made payable directly to counsel in cases where

there is a valid assignment of the right to receive fees to counsel *and* "the Plaintiff does not owe a debt to the government,"[1] the Court finds that Plaintiff's request in his reply that payment of the award "remaining after collection against Government debt be made payable to Plaintiff's counsel" should be granted.[2] *See Beard v. Colvin*, No. 1:14cv144-DAS, 2015 WL 4527040, at *2 (N.D. Miss. July 27, 2015).

**THEREFORE, IT IS ORDERED**:

That Plaintiff is hereby awarded $7,765.76 in EAJA fees, and the Commissioner shall promptly pay directly to Plaintiff's counsel what remains of this sum "after collection against Government debt."

This 30th day of July, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] *See Ratliff*, 560 U.S. at 597 (explaining that the Government maintained a practice of direct payment to attorneys in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney"). The Commissioner makes no argument that the government's policy announced in *Ratliff* has changed.
[2] The Court is compelled to point out that while it is true that this Court has previously ordered that payment of EAJA awards be made to the litigant and not counsel, the Plaintiffs in the cases cited by the Commissioner neither briefed the issue nor made any argument in favor of payment directly to counsel.